**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**H. KENNETH LEFOLDT, JR.**                              **CIVIL ACTION**


**VERSUS**                                                              **NO: 18-5303**


**SCOTT FRANKEL**                                          **SECTION: "H"**


## ORDER

Having reviewed the Complaint, Defendant Scott Frankel's Motion to Dismiss, the applicable law, the Bankruptcy Judge's Report and Recommendation, and all objections and responses thereto, the Court approves the Report and Recommendation and adopts it as its opinion herein with the following modifications:

This Court finds that Plaintiff's Complaint adequately pleads a claim for (1) breach of the duty of care as to Defendant's decision not to pursue Apollo's failure to fund the restructuring agreement and (2) breach of duty of loyalty for Defendant's decision to drill the Erato Well.

The bankruptcy court recommended dismissal of Plaintiff's claim for breach of the duty of care as to Defendant's decision not to pursue the $19.6 million payment from Apollo because the Complaint alleges that Defendant

1

sought a legal opinion about his right to pursue such a payment. The bankruptcy court held that this allegation forecloses a claim that Defendant was uninformed in his decision-making. This Court disagrees. The Complaint also alleges that Defendant did not consider this legal opinion before unilaterally deciding not to pursue payment from Apollo but to instead liquidate Whistler's assets to create sprinkle money. Further, the allegations of the Complaint do not reveal "any rationally conceivable basis" for such a decision.[1] Accordingly, Plaintiff has pleaded sufficient facts to maintain a claim against Defendant for breach of the duty of care on this theory.

Second, the bankruptcy court recommended dismissal of Plaintiff's claim that Defendant breached his duty of loyalty to Whistler when he decided to drill the Erato Well. The bankruptcy court held that the Complaint set forth no facts upon which it could infer that Defendant lacked independence in making this decision. This Court disagrees. The Complaint states that Defendant's loyalty shifted to Apollo after Commerce indicated that it would not provide additional funding; that Apollo pressured Defendant to begin work on the Erato Well; and that Defendant failed to separate Whistler's interests from Apollo's. These allegations, along with the allegation of Defendant's irrational refusal to seek the $19.6 million from Apollo, create at least the

---

[1] In re Orchard Enterprises, Inc. Stockholder Litig., 88 A.3d 1, 34 (Del. Ch. 2014) ("Only when a decision lacks any rationally conceivable basis will a court infer bad faith and a breach of duty.").

inference that Defendant lacked independence or acted for some purpose other than the best interest of Whistler in his decision to drill the Erato Well.[2]

Accordingly;

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED** in its entirety.

New Orleans, Louisiana this 23rd day of September, 2020.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[2] "[T]he fiduciary duty of loyalty is not limited to cases involving a financial or other cognizable fiduciary conflict of interest. It also encompasses cases where the fiduciary fails to act in good faith. As the Court of Chancery aptly put it in *Guttman*, "[a] director cannot act loyally towards the corporation unless she acts in the good faith belief that her actions are in the corporation's best interest." Stone ex rel. AmSouth Bancorporation v. Ritter, 911 A.2d 362, 370 (Del. 2006).